United States District Court
Southern District of Texas
**ENTERED**
September 25, 2019
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

| | | |
|---|---|---|
| HOMERO MORALES, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 5:19-CV-56 |
| | § | |
| ALLSTATE TEXAS LLOYDS, | § | |
| | § | |
| Defendant. | § | |

# MEMORANDUM AND ORDER

Before the Court are Defendant's Notice of Removal and Plaintiff's Motion to Remand. As explained below, Plaintiff's motion, (Dkt. No. 4), is **GRANTED**, and this case is **REMANDED** to state court.

## I. BACKGROUND

In February 2019, Plaintiff sued Defendant in state court, alleging various insurance-related causes of action for storm damage to Plaintiff's property. (Dkt. No. 1-2). In accordance with Rule 47 of the Texas Rule of Civil Procedure, the complaint recited that "Plaintiff seeks only monetary relief of $100,000 or less including damages of any kind, penalties, costs, pre-judgment interest and attorney's fees." (Dkt. No. 1-2 at 10). The complaint specified, further, that the damages in this case "do not exceed $74,999.99," excluding interest and costs. (*Id.*).

The complaint also included a "binding stipulation" that Plaintiff would "neither seek nor accept from Defendant any damages, recovery, or award" that exceeded $74,999.99, excluding interest and costs. (*Id.*). The complaint defined

"damages, recovery, or award" to include applicable statutory damages, exemplary damages, punitive damages, penalties, and attorney's fees. (*Id.* at 10–11).[1]

In April 2019, Defendant timely removed to this Court, asserting that the parties are completely diverse and the amount in controversy likely exceeds $75,000. (Dkt. No. 1 at 3). In its Notice of Removal, Defendant urges the Court to disregard Plaintiff's binding stipulation as a bad faith attempt to avoid federal jurisdiction. (*Id.* at 4–7). Defendant maintains that, without the stipulation, Plaintiff's claimed damages exceed the jurisdictional threshold. (*Id.*).

Plaintiff, in turn, moved to remand to state court, arguing that the damages demand and binding stipulation in his complaint fix the amount in controversy below $75,000. (Dkt. No. 4 at 2). Appended to his motion is a second "binding stipulation," which reaffirms that: (1) the amount in controversy does not exceed $75,000; (2) Plaintiff does not seek damages above $75,000; and (3) "Plaintiff understands and agrees that [his] total recovery is limited to an amount less than $75,000." (Dkt. No. 4-1 at 1). The stipulation is signed by Plaintiff's attorney and accompanied by a notarized verification signed by Plaintiff. (*Id.* at 2). In its response, Defendant counters that the Court may not consider Plaintiff's post-removal stipulation because the amount in controversy was not ambiguous at the time of removal. (Dkt. No. 8 at 2–3).

---

[1] Plaintiff later filed his first amended complaint, which contains the same binding stipulation as his original state-court complaint. (Dkt. No. 6 at 11).

## II. LEGAL STANDARD

In general, a defendant may remove a case to federal court if the case originally could have been filed there. 28 U.S.C. § 1441(a). The "removing defendant bears the burden of establishing removal jurisdiction." *Ashford v. Aeroframe Servs., L.L.C.*, 907 F.3d 385, 395 (5th Cir. 2018). An action may be removed under 28 U.S.C. § 1332 if the parties are completely diverse and the "amount in controversy is greater than $75,000 exclusive of interests and costs." *Allen v. Walmart Stores, L.L.C.*, 907 F.3d 170, 183 (5th Cir. 2018). In determining jurisdiction, the Court "must 'resolve all contested factual issues and ambiguities of state law in favor of the plaintiff.'" *Allen*, 907 F.3d at 183 (citation omitted); *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002).

In diversity cases, typically "the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy." 28 U.S.C. § 1446(c)(2). In that regard, a plaintiff who wishes to try his case in state court may defeat removal by suing for less than $75,000, even if he otherwise would be entitled to more. *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1410 (5th Cir. 1995) (citing *St. Paul Mercury Indemnity Co. v. Red Cab Co.*, 303 U.S. 283, 294 (1938)). After all, the "[p]laintiff is, to some extent, still the master of his own claim." *Id.*

The pleadings will not control the amount in controversy, however, when "made in bad faith or when state practice does not permit demand for a specific sum of damages." *Cavazos v. Allstate Vehicle & Prop. Ins. Co.*, 7:17-CV-368, 2017 WL 11317904, at *2 (S.D. Tex. Dec. 12, 2017) (citing 28 U.S.C. § 1446(c)(2)); *De Aguilar*,

47 F.3d at 1410. Under those circumstances, the defendant must prove, by a preponderance of the evidence, that the actual amount in controversy exceeds $75,000. *De Aguilar*, 47 F.3d at 1412. The preponderance standard "forces the defendant to do more than point to a state law that *might* allow the plaintiff to recover more than what is pled." *Id.* Rather, a defendant may satisfy this burden by "(1) showing it is 'apparent from the claims of the petition that the claims are likely to exceed $75,000' or (2) setting forth 'summary judgment-type evidence of facts in controversy that support a finding of the requisite amount.'" *Chavez v. State Farm Lloyds*, 15-CV-487, 2016 WL 641634, at *1 (S.D. Tex. Feb. 18, 2016) (quoting *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002)), *aff'd* 746 F. App'x 337 (5th Cir. 2018).

If a defendant makes that showing, a plaintiff can avoid removal only if he can demonstrate that it is "legally certain that his recovery will not exceed the amount stated in the state complaint." *De Aguilar*, 47 F.3d at 1412. If a plaintiff cannot cite a state law that bars such recovery, he can file a "binding stipulation" with his complaint that limits his possible recovery to an amount below the jurisdictional threshold. *Id.* at 1412. To determine whether a stipulation is binding, the "general principle is that plaintiffs will have to show that they are bound irrevocably by their state pleadings." *Id.* at n.10.

The "jurisdictional facts that support removal must be judged at the time of the removal." *Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 883 (5th Cir. 2000). If it is "facially apparent from the petition that the amount in controversy exceeds

4

$75,000 at the time of removal, post-removal affidavits, stipulations, and amendments reducing the amount do not deprive the district court of jurisdiction." *Id.* However, post-removal filings may be considered if the "basis for jurisdiction is ambiguous at the time of removal." *Id.* In that case, even though the court is considering post-removal filings, it is "still examining the jurisdictional facts *as of the time* the case is removed." *Asociacion Nacional de Pescadores a Pequena Escala O Artesanales de Colombia (ANPAC) v. Dow Quimica de Colombia S.A.*, 988 F.2d 559, 565 (5th Cir. 1993).

### III. ANALYSIS

As the parties' diversity is not disputed, the only issue is whether Defendant has met its burden to prove that the amount in controversy exceeds the jurisdictional threshold.

#### A. The Sum Demanded in Good Faith

Defendant argues that Plaintiff's damages demand — for an amount under $75,000 — was made in bad faith because it violated Texas law, which Defendant asserts does not permit a plaintiff to plead a specific amount in damages. The resolution of this issue turns on the correct interpretation of Rule 47 of the Texas Rules of Civil Procedure ("Rule 47").

Until its amendment in 2013, Rule 47 generally prohibited plaintiffs from pleading damages in a specific amount. TEX. R. CIV. P. 47(b) (1990) (providing that, in all claims for unliquidated damages, a complaint "shall contain . . . *only* the statement that the damages sought are within the jurisdictional limits of the court"

5

(emphasis added)); *see also Mumfrey v. CVS Pharmacy, Inc.*, 719 F.3d 392, 398 (5th Cir. 2013). As a result, any demand for a certain amount in damages was automatically pled in bad faith and disregarded by a federal court determining the amount in controversy. *De Aguilar*, 47 F.3d at 1407 (finding bad faith where "plaintiffs, in apparent violation of TEX. R. CIV. P. 47, described the amount of their claim").

In March 2013, Rule 47 was amended to require plaintiffs to select from five enumerated ranges of damages. TEX. R. CIV. P. 47(c). The rule now provides that a complaint shall contain a statement that the party seeks: (1) only monetary relief of $100,000 or less, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney fees; (2) monetary relief of $100,000 or less and non-monetary relief; (3) monetary relief between $100,000 and $200,000; (4) monetary relief between $200,000 and $1,000,000; or (5) monetary relief over $1,000,000. *Id.*

Unfortunately, even the Rule's lowest damages range — for only monetary relief of $100,000 or less — "does not map precisely onto the $75,000 federal diversity threshold." *Solares v. Allstate Vehicle & Prop. Ins. Co.*, 19-CV-27, 2019 WL 3253072, at *1 (S.D. Tex. June 11, 2019). Nor does the Rule directly address the situation here, where a plaintiff properly selects a damages range but also specifies an amount falling within that range. In *Mumfrey*, decided shortly after the 2013 amendment, the Fifth Circuit noted that neither party in that case had briefed whether the "amendment allows a plaintiff to plead a specific damages amount." 719 F.3d at 398 n.9. And, to date, the Circuit has not revisited that question. *See Rios v. Liberty Mut.*

*Fire Ins. Co.*, DR-16-CV-0031-AM-VRG, 2017 WL 3274456, at *3 (W.D. Tex. Jan. 18, 2017) (noting that neither the Texas Supreme Court nor the Fifth Circuit "has addressed whether the amendment of Rule 47 now permits a plaintiff to plead for a specific amount of damages in Texas state court").[2]

District courts in this circuit, meanwhile, have divided on whether a complaint pled under the Texas Rules of Civil Procedure may now demand a specific amount in damages. Most have "continued to hold that plaintiffs may not plead unliquidated damages in a specific amount." *Espinoza v. Allstate Texas Lloyd's*, 222 F. Supp. 3d 529, 535 (W.D. Tex. 2016) (collecting cases). A minority, though, have found that plaintiffs may specify a damages amount without violating Rule 47. *Rocha v. Balfour Beatty Military Hous. Mgmt., LLC*, EP-16-CV-358-DB, 2016 WL 11546852, at *3 n.1 (W.D. Tex. Oct. 7, 2016) (rejecting argument that plaintiff who selects a damages range under Rule 47 "may not further specify that she seeks damages under the federal jurisdictional threshold"); *Torres v. Guardsmark, LLC*, 5:15-CV-184 RP, 2016 WL 11602002, at *3 (W.D. Tex. Aug. 3, 2016) (finding that rule barring damages amount in pleadings was "no longer applicable"); *Middlebrook v. SLM Fin. Corp.*, 5:15-CV-237-DAE, 2015 WL 2401435, at *3 n. 2 (W.D. Tex. May 20, 2015) (same).

This Court agrees with the latter approach and concludes that a demand for a specific amount in damages no longer violates Rule 47. Such a demand does not

---

[2] An unpublished decision has stated that Rule 47 "prohibit[s] plaintiffs from pleading a specific amount of damages," but the panel appears not to have considered the 2013 amendment. *Chavez v. State Farm Lloyds*, 746 F. App'x 337, 341 (5th Cir. 2018).

undermine the purpose of the 2013 amendment, which is to have parties plead into or out of an expedited discovery process depending on their range of damages. *See* TEX. R. CIV. P. 47 Comment-2013.[3] Moreover, unlike its predecessor, the plain language of the amended Rule 47 does not prohibit a plaintiff from specifying a certain amount in damages. Since the Texas rules of civil procedure are to be "given a liberal construction," TEX. R. CIV. P. 1, Rule 47 should not be construed to contain implied prohibitions. *See In re Greater McAllen Star Properties, Inc.*, 444 S.W.3d 743, 751 (Tex. App. 2014) (holding that plaintiff was not required to re-issue outstanding discovery requests after amending complaint because Rule 47 did not expressly so require). Because a plaintiff is now permitted to demand damages in a certain amount, Plaintiff's demand for an amount below $75,000 was not made in bad faith.

In any event, to the extent that the proper interpretation of Rule 47 remains in question, the Court must resolve all ambiguities of state law in favor of remand. *Allen*, 907 F.3d at 183; *Gasch v. Hartford Acc. & Indem. Co.*, 491 F.3d 278, 281–82 (5th Cir. 2007). The Fifth Circuit has implicitly recognized that whether Rule 47 now "allows a plaintiff to plead a specific damages amount" is a legitimate issue concerning the interpretation of state law, *Mumfrey*, 719 F.3d at 398 n.9, and district courts have reasoned to opposite conclusions. At a minimum, then, whether the amended Rule 47 permits a plaintiff to plead damages in a specific amount is the type

---

[3] In that regard, cases in which a plaintiff demands a certain amount in damages but fails to plead one of the enumerated ranges are distinguishable. *See, e.g., Sanchez v. State Farm Lloyds*, 5:15-CV-252, 2016 WL 8650474, at *1, *1 n.1 (S.D. Tex. Mar. 10, 2016).

8

of ambiguity of state law that must be resolved against the exercise of federal jurisdiction. *See, e.g., Sid Richardson Carbon & Gasoline Co. v. Interenergy Res., Ltd.*, 99 F.3d 746, 754 (5th Cir. 1996) (remanding because Texas law was "ambiguous concerning the retroactive effect of a settlement agreement purporting to 'terminate' all prior agreements between the parties").

\*          \*          \*

In sum, Plaintiff satisfied Rule 47 by demanding in his complaint "only monetary relief of $100,000 or less." Plaintiff did not then violate that Rule by specifying damages below $75,000. The sum demanded in good faith in Plaintiff's complaint controls the amount in controversy, which in this case defeats federal jurisdiction. In any event, whether Plaintiff complied with Rule 47 is at most an ambiguity of state law that must be resolved in favor of remand.

### B. The Binding Stipulation

Alternatively, disregarding Plaintiff's damages demand, the Court finds that Plaintiff has established to a legal certainty that he could not recover above the jurisdictional threshold. That is so because Plaintiff's state-court complaint includes a "binding stipulation" that affirms Plaintiff will "neither seek nor accept from Defendant any damages, recovery, or award" that exceeds $74,999.99. (Dkt. No. 1-2 at 10–11). *Espinola-E v. Coachoma Chem. Co.*, 248 F.3d 1138 (5th Cir. 2001) ("[A] binding stipulation that a plaintiff will not accept damages in excess of the

9

jurisdictional amount defeats diversity jurisdiction.").[4]

The stipulation in Plaintiff's complaint possesses the two hallmarks of an effectively irrevocable and binding stipulation. First, it avers that Plaintiff will neither seek *nor accept* any recovery above $74,999.99. As the Fifth Circuit has explained, plaintiffs may establish legal certainty "by submitting a binding stipulation or affidavit with their complaint, stating that they affirmatively seek less than the jurisdictional threshold, and further stating that they will not accept an award that exceeds that threshold." *Ditcharo v. United Parcel Serv., Inc.*, 376 F. App'x 432, 437 (5th Cir. 2010) (citing *See De Aguilar*, 47 F.3d at 1412) (internal quotation marks omitted). District courts have adhered to that distinction. *Compare, e.g., Washington-Thomas v. Dial Am. Mktg., Inc.*, No. EP-12-CV-00340-DCG, 2012 WL 5287043, at *3 (W.D. Tex. Oct. 23, 2012) (stipulation was binding because it affirmed that "Plaintiff does not and will not seek or accept damages, including attorney's fees, in excess of $74,999.00"); *with List v. PlazAmericas Mall Texas, LLC*, CV-H-18-4810, 2019 WL 480130, at *3 (S.D. Tex. Feb. 7, 2019) (stipulation was not binding because it alleged merely that amount in controversy did not exceed $75,000). Plaintiff, therefore, has properly stipulated that he would neither seek nor accept any recovery above $75,000.

Second, Plaintiff's binding stipulation encompasses "any damages, recovery, or

---

[4] Because Plaintiff's binding stipulation satisfies the "legal certainty" standard, it is unnecessary to determine whether, absent the stipulation, the claimed damages exceed the jurisdictional limit.

award," defined in the complaint to include applicable statutory damages, exemplary damages, punitive damages, penalties, and attorney's fees. Under Fifth Circuit precedent, Plaintiff's stipulation is broad enough to limit his recovery. *See St. Paul Reinsurance Co. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998) (explaining that amount in controversy includes: attorney's fees, statutory damages, and punitive damages).

Indeed, Plaintiff's stipulation contains stronger language restricting his recovery than others that courts have found to satisfy the legal certainty requirement. *See, e.g., Pesole v. Health Care Serv. Corp.*, 277 F. Supp. 3d 866, 870 (N.D. Tex. 2017) (stipulation was binding that limited any "judgment" to $74,000 because court interpreted "judgment" to encompass attorney's fees); *Real T, LLC v. State Farm Fire & Cas. Co.*, CIV.A. 07-8754, 2008 WL 4974862, at *2 (E.D. La. Nov. 18, 2008) (same); *see also Rodriguez v. Echosphere, L.L.C.*, EP-18-CV-00063-DCG, 2018 WL 1445613, at *3 (W.D. Tex. Mar. 23, 2018) (stipulation was binding even though it did not apply in arbitration and was conditioned upon the existence of complete diversity). Thus, Plaintiff has effectively bound himself to a recovery below the jurisdictional threshold.[5]

One final point is to be made in closing. Should Plaintiff somehow amend his complaint in the future to renege on his promise not to accept damages in excess of

---

[5] To the extent that the amount in controversy was uncertain because the binding stipulation was in plaintiff's complaint instead of appended as an exhibit, as Defendant contends, (Dkt. No. 1 at 6), the Court would find that Plaintiff's post-removal binding stipulation, (Dkt. No. 4-1 at 1), resolved the ambiguity. *See ANPAC*, 988 F.2d at 565.

the jurisdictional limit, Defendant "may seek to remove again at that time." *Mason v. Evanston Ins. Co.*, No. 3:19-CV-98, 2019 WL 2412558, at *1 (S.D. Tex. June 7, 2019) (citation omitted). Indeed, as another court has observed, "removal would most likely be proper [under those circumstances], even if such attempt came more than a year after commencement of plaintiff's suit, based on equitable estoppel principles." *Engstrom v. L-3 Commc'ns Gov't Servs., Inc.*, No. CIV.A. 04-2971, 2004 WL 2984329, at *5 (E.D. La. Dec. 23, 2004) (citation omitted).

## IV. CONCLUSION

Plaintiffs' Motion to Remand, (Dkt. No. 4), is **GRANTED**, and this case is **REMANDED** to the 406th District Court of Webb County, Texas, where it was originally filed. The Clerk is directed to **CLOSE** this case.

It is so **ORDERED**.

**SIGNED** September 19, 2019.

_____
Marina Garcia Marmolejo
United States District Judge